DICKINSON, PRESIDING JUSTICE, CONCURRING IN RESULT ONLY: . ¶ 43. The circuit judge granted summary judgment for one reason: he found that Lacy gave informed consent for the removal of her ovaries. The majority reverses, finding that a material issue of fact exists as to whether Lacy gave that consent. I disagree. ¶ 44. The facts which gave rise to a triable issue of fact on consent in Fox v. Smith—the authority upon which the majority primarily relies—are -not present here. That case concerned a patient who claimed her doctor removed her IUD without consent.[4] There, the patient testified she expressly told her doctor not to remove the IUD.[5] And, while that patient signed a form consenting to other necessary medical procedures similar to the one at issue here, she also testified that she questioned a nurse about that provision and was told it only consented to lifesaving measures employed in response to an emergency during the surgery.[6] ¶ 45. Lacy has put forth no similar evidence. She does not dispute that she signed the consent form authorizing “such additional surgeries and procedures (whether or not presently unforseen conditions) considered necessary or emergent in the judgment of my doctor or those of the hospital’s medical staff who serve me.” She does not contend anyone misled her as to the meaning of this provision. And she does not contend she forbade the removal of her ovaries. ¶ 46. Rather, Lacy argues only that she did not give informed consent because no one told her that her ovaries might be removed. But the consent’s plain, unambiguous terms included procedures based on “unforseen conditions.” So I do not agree a material issue of fact exists as to whether Lacy consented to procedures—like 'the removal of her ovaries—deemed necessary by her physicians. ¶ 47. That said, I agree we must reverse the grant of summary judgment. Lacy’s claim is not simply lack of consent. Instead, she alleges medical malpractice in her physicians’ judgment that it was necessary to remove her ovaries. While Lacy consented to the performance of procedures deemed necessary by her physicians, she did not waive her claim the physicians negligently concluded the procedure was necessary. ■■ . Fox v. Smith, 594 So.2d 596 (Miss. 1992). . Id. at 605. .Id. at 600.